REINER v. GALINGER.

(Supreme Court, Appellate Division, First Department. June 28, 1912.)

1. USURY (§ 94*)—JURISDICTION—ADEQUACY OF REMEDY AT LAW.
   An injunction to restrain an action at law on a note alleged to be past due, usurious, and void will not lie.
   [Ed. Note.—For other cases, see Usury, Cent. Dig. § 195; Dec. Dig. § 94.*]

2. USURY (§ 93*)—EQUITABLE RELIEF—STATUTES.
   General Business Law (Consol. Laws 1909, c. 20) § 373, making usurious contracts void, and authorizing the court to declare the same void and enjoin prosecutions thereon, does not authorize a suit in equity to adjudge void a past-due usurious note.
   [Ed. Note.—For other cases, see Usury, Cent. Dig. § 194; Dec. Dig. § 93.*]

Appeal from Special Term, New York County.

Action by John M. Reiner against Harry N. Galinger. From an order overruling a demurrer to the complaint for insufficiency, defendant appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Frank Weinstein, of New York City, for appellant.
John M. Reiner, of New York City, for respondent.

MILLER, J. [1] The action is brought to have a past-due note adjudged to be usurious, illegal, and void. The mere fact that one has a defense to an action at law, if one should be brought, has never yet been held to justify an appeal to the jurisdiction of equity. The objection is not merely that there is an adequate remedy at law, but that there is no cause of action.

[2] Section 373 of the General Business Law (Consol. Laws 1909, c. 20), derived from 1 R. S. p. 772, § 5, and chapter 430 of the Laws of 1837, might upon a superficial reading seem to support the plaintiff's right to maintain a suit to have the note adjudged to be void; but the law is settled in this state to the contrary. Minturn v. Farmers' Loan & Trust Co., 3 N. Y. 498; Allerton v. Belden, 49 N. Y. 373.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.