(81 Misc. Rep. 421.)

HAGER et al. v. ARLAND et al.

(Supreme Court, Equity Term, Steuben County. June, 1913.)

1. CANCELLATION OF INSTRUMENTS (§ 4*)—GROUNDS—CHATTEL MORTGAGE—IL-LEGALITY.

Where a mortgagee has taken possession of mortgaged chattels, thus depriving the borrower of his property and of the opportunity to establish at law the illegality of the mortgage because tainted with usury, an action in equity will lie to cancel the mortgage.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. § 1; Dec. Dig. § 4.*]

2. TRIAL (§ 387*)—BY COURT—DECISION—PREREQUISITE TO JUDGMENT.

In an action in equity to cancel chattel mortgage, judgment entered before a decision has been filed as required by Code Civ. Proc. § 1022, is premature and will be set aside on motion.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 903–907; Dec. Dig. § 387.*]

3. TRIAL (§ 387*)—BY COURT—DECISION—SUFFICIENCY.

Notation by the trial court on the requested findings that "the foregoing requested findings are found as above modified as marked," and mere conclusions of law that plaintiffs were entitled to a judgment, did not, in the absence of any specific direction that judgment be entered, constitute the decision required by Code Civ. Proc. § 1022, as a condition precedent to the rendition of a judgment.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 903–907; Dec. Dig. § 387.*]

Action by Frederick D. Hager and others against William W. Arland and others. Motion to set aside judgment for plaintiff. Motion granted.

Darrin & Darrin, of Corning, for plaintiffs.
James O. Sebring, of Corning, for defendants.

SAWYER, J. [1] The case of Reiner v. Galinger, 151 App. Div. 711, 136 N. Y. Supp. 205, follows the well-settled rule that an action in equity to cancel an agreement or obligation tainted with usury will not lie when the rights of the maker can be enforced in an action brought upon the instrument itself in a court of law. But where, as in this action, the lender has taken possession of the property pledged

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as security, and thus avoided bringing the disputed instrument before the court for adjudication, thereby depriving the borrower both of his property and his opportunity to establish at law the illegality of the transaction, the rule is otherwise; to then refuse the aid of the court's equitable powers would be to leave the victim of the usurer without remedy. Berry v. Arland, 153 App. Div. 940, 138 N. Y. Supp. 1107.

The Appellate Division of this department in that case declined to treat Reiner v. Galinger, supra, as an authority under such circumstances and sustained a judgment of a court of equity canceling the chattel mortgage in suit.

Motion for reargument is therefore denied.

[2, 3] This judgment must, however, be vacated, for the reason that no decision has been made and filed as required by section 1022 of the Code of Civil Procedure.

Plaintiffs' submitted requests to find under section 1023 were modified in two or three unimportant particulars, the court's determination noted on the margin of each, and at the foot was indorsed, "The foregoing requested findings are found as above modified as marked," which indorsement was signed by the trial justice. There was no intention upon his part to thereby alter their character and constitute them formal findings of fact and conclusions of law. The indorsement was made simply to call attention to the minor changes, and without thought that thereby the necessity of the usual findings was obviated. They are in form requests only, and while the conclusions of law are that plaintiffs are entitled to a judgment, with costs, they nowhere specifically direct that judgment to be entered. Code Civ. Proc. § 1022.

I am aware the Appellate Division has, under such circumstances, remitted the case to the trial judge in order that findings might be made and filed nunc pro tunc. People v. Dalton, 77 App. Div. 499, 78 N. Y. Supp. 1051. But where the question is raised in the trial court by motion to vacate the judgment as premature the action should take the regular course. Edinger v. McAvoy, 134 App. Div. 869, 119 N. Y. Supp. 327.

Motion to set aside the judgment as irregular and premature granted, with costs.

Motion granted, with costs.