(174 App. Div. 239)

### KAUFMAN v. SCHWARTZ.

(Supreme Court, Appellate Division, First Department. October 20, 1916.)

MORTGAGES ☞413—FORECLOSURE—INJUNCTION—USURIOUS CONTRACTS.

Where the mortgagor, alleging that the contract was usurious, made a prima facie case of the usury, he was entitled to permanent injunction restraining foreclosure of the mortgage by a suit commenced after the injunction suit, under General Business Law (Consol. Laws, c. 20) § 373, providing that where usury is shown the court shall declare the instru-

ment void and enjoin any prosecution thereon and order it to be surrendered and canceled; the mortgagor's remedy in the foreclosure suit not being adequate.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1187–1201; Dec. Dig. ☞413.]

Appeal from Special Term, New York County.

Action by Karl Kaufman against David L. Schwartz. From an order denying motion for injunction pendente lite, plaintiff appeals. Reversed, and motion granted.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, DOWLING, and SMITH, JJ.

Charles J. Katzenstein, of New York City, for appellant.
Joseph L. Lefkowitz, of New York City, for respondent.

SMITH, J. Plaintiff borrowed of the defendant $200 and gave to the defendant a chattel mortgage upon certain machinery described therein belonging to the plaintiff to secure the same. The loan became due. The plaintiff refused to pay the same on the ground that it was usurious, and the defendant threatened to foreclose said mortgage without legal proceeding and take possession of the machines covered thereby. The defendant also threatened that if the plaintiff did not pay the notes he would "rip out the machines." Thereafter and upon the 12th day of April, 1916, this action was commenced in the Supreme Court, in which it was sought to declare the notes given for the said loan and the said chattel mortgage usurious, and that they be delivered up to the plaintiff and canceled, and that pending the determination of the action the defendant be enjoined from taking any proceeding to collect the said loan "or from in any way interfering with the property of this plaintiff mentioned in said mortgage." Thereafter and upon the 21st day of April, 1916, the defendant commenced an action in the Municipal Court to foreclose the chattel mortgage. In that action an answer was served alleging the defense of usury. Upon the 15th day of April, 1916, an order to show cause was granted temporarily enjoining the defendant as asked for in this action, and directing the defendant to show cause upon the 22d day of May, 1916, why the injunction should not be made permanent. That application it seems was denied, and upon a motion for reargument it was again denied upon June 8, 1916. From the order denying that motion this appeal is taken.

We think this injunction should have been made permanent. The mortgage had become due. If the mortgage were valid, legal title had passed to the defendant, and he could at any time have taken possession of the chattels. He was threatening to do so and to rip out the machines. Plaintiff has made a prima facie case of a usurious loan, which would invalidate the mortgage. The defendant's only answer to this application was that, after the commencement of this action, he brought an action in the Municipal Court to foreclose the mortgage, in which the plaintiff had put in an answer alleging usury the same as asserted in the complaint herein. His contention, therefore, is that the plaintiff has an adequate remedy at law to prove his usury in that ac-

tion, and therefore does not need equitable relief. To this it may be answered, first, that this action was first commenced by the temporary injunction included in the order to show cause. By section 373 of the General Business Law it is provided that, where usury is shown in any instrument, "the court shall declare the same to be void, and enjoin any prosecution thereon, and order the same to be surrendered and canceled." Moreover, the remedy in the Municipal Court is not adequate. While the defendant has commenced his action to foreclose, he has the legal right to take possession of the machines at any time, even while that action is pending, and this plaintiff is powerless to prevent that in a Municipal Court action, and needs this injunction for that purpose.

For these reasons, the order should be reversed, with $10 costs and disbursements, and the motion granted upon the giving of an undertaking in the sum of $250. Settle order on notice. All concur.