department, entered July 21, 1925, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at an Equity Term. Said judgment enjoined the city of Buffalo from supplying and the Farrel Foundry and Machine Company, Inc., from receiving water from the mains of said city delivered on a vacant piece of property within the limits of the city of Buffalo owned by the Farrel Foundry and Machine Company, Inc., and adjoining property owned by the same company in the town of Tonawanda along the northerly line of the city of Buffalo. The action was brought by the Western New York Water Company as a taxpayer of the city of Buffalo under section 51 of the General Municipal Law.

*Frederick C. Rupp*, Corporation Counsel (*Frank C. Westphal* of counsel), for City of Buffalo et al., appellants.

*William S. Rann* for Farrel Foundry and Machine Company, Inc., appellant.

*Roscoe R. Mitchell* and *Preston M. Albro* for respondent.

Judgments reversed and complaint dismissed, with costs in all courts, on authority of *Western New York Water Co.* v. *City of Buffalo* (242 N. Y. 202); no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

WILLIAM J. CRITTENDEN, Appellant, *v.* SAMUEL BARKIN, Respondent.

*Equity — usury — stolen bonds pledged to defendant to secure usurious loan — action in equity to have owner of bonds adjudged borrower, the note declared void for usury and bonds returned to plaintiff cannot be maintained — loan may not be attacked by plaintiff for usury — remedy, if any, at law in action of replevin or for conversion.*

*Crittenden* v. *Barkin*, 212 App. Div. 232, affirmed.

(Argued January 15, 1926; decided February 24, 1926.)

APPEAL from a judgment, entered April 1, 1925, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an order of Special Term denying a motion by defendant for judgment on the pleadings and granted said motion. The

complaint alleged that plaintiff was the owner of certain bonds which were stolen from him and thereafter pledged to defendant as security for a loan, evidenced by a note, which was usurious and void for the reason that defendant exacted and received a bonus in addition to the legal rate of interest and demanded that plaintiff be adjudged the borrower within the meaning of section 377 of the General Business Law; that the note be declared usurious and void, under sections 370 and 373 of the General Business Law; that plaintiff be adjudicated to be the true and lawful owner of said bonds and entitled to the immediate possession thereof, and that the defendant be decreed and compelled to deliver up to the plaintiff the aforesaid bonds or account to him for the value of the same. The Appellate Division held that plaintiff could not attack for usury the transaction between defendant and the pledgor of the bonds and that his rights must be enforced, if at all, in an action at law in replevin or for conversion.

*Irving Albert* and *A. Gordon Murray* for appellant.

*George O. Redington* and *Joseph Schreiber* for respondent.

Judgment affirmed, with costs, on opinion of DOWLING, J., below.

Concur: HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Not voting: CARDOZO, J.

---

THE AMERICAN SUGAR REFINING COMPANY, Respondent, *v.* MAX COHN, Appellant.

*Contract — sale — action to recover for alleged breach of contract to purchase merchandise — sufficiency of confirmation of order — question of fact.*

*American Sugar Refining Co.* v. *Cohn,* 213 App. Div. 865, affirmed. (Argued January 13, 1926; decided February 24, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 24, 1925, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial. The action was to recover for an alleged breach of contract based upon