JAMES H. REEL and RAOUL LESGOR, Appellants, *v.* SANTIAGO PORCELLA, Respondent.

First Department, April 10, 1942.

*David L. Delman* of counsel [*David L. Delman* and *William Stephen Brown*, attorneys], for the appellants.

*Frederic H. Cowden*, for the respondent.

GLENNON, J. Two causes of action are set forth in the complaint. It is alleged in the first cause of action that the defendant loaned plaintiffs $30,000 on December 13, 1940, and received four promissory notes, each in the sum of $8,500, payable at intervals of six months; that the loan was, in effect, usurious in its inception since the legal rate of interest covering the period of two years would have amounted to $3,600, whereas the notes call for the payment of $4,000 as interest. Plaintiffs demand, with reference to this cause of action:

" (a) That the three remaining notes be cancelled and adjudged and decreed to be usurious and void.

" (b) That the defendant be directed to return said notes to the plaintiffs.

" (c) That the defendant be restrained and enjoined from taking any action on those notes or negotiating same until the final determination of this action."

In the second cause of action the allegations pertaining to the making of the loan are repeated and in addition thereto it is alleged " the plaintiffs paid the first note which was due June 13, 1941, in the amount of $8,500," and judgment is demanded for the return of that sum together with interest.

In order to sustain the first cause of action, plaintiffs rely upon section 373 of the General Business Law which reads as follows:

" All bonds, bills, notes, assurances, conveyances, all other contracts or securities whatsoever, except bottomry and respondentia bonds and contracts, and all deposits of goods or other things whatsoever, whereupon or whereby there shall be reserved or taken, or secured or agreed to be reserved or taken, any greater sum, or greater value, for the loan or forbearance of any money, goods or other things in action, than is above prescribed, shall be void.

" Whenever it shall satisfactorily appear by the admissions of the defendant, or by proof, that any bond, bill, note, assurance, pledge, conveyance, contract, security or any evidence of debt, has been taken or received in violation of the foregoing provisions, the court shall declare the same to be void, and enjoin any prosecution thereon, and order the same to be surrendered and canceled."

It should be noted that the first paragraph of this section was derived from the Revised Statutes, as amended by the Laws of 1837, while the second paragraph was derived from the Laws of 1837.

The defendant, in seeking to sustain the order of Special Term in so far as it dismisses the first cause of action, relies on the case of *Reiner* v. *Galinger* (151 App. Div. 711). There it must be remembered this court was dealing with a note which was past due. On that ground alone, the case would be distinguishable from the facts with which we are now dealing. Here at the time the action was instituted; the notes were not past due.

Even prior to the enactment of section 373, it was the law of this State that if a promissory note was given " upon a usurious contract, it is absolutely void, even in the hands of an innocent person, who may have taken it in a fair and regular course of trade, without any notice of the usury." This principle was stated in 1802 in the opinion of Judge THOMPSON in *Wilkie* v. *Roosevelt* (3 Johns. Cas. 206).

While most of the old cases wherein the application of the statute enacted in 1837 denied to plaintiffs, similarly situated to those appearing in this action, the relief which they sought on the equity side of the court on the ground that they had an adequate defense at law, still it must be remembered that they were dealing

with conditions which existed over one hundred years ago. In the cases of those times, reliance to a great extent was placed by the court upon the maxim of equity that " he who seeks equity must do equity." Where relief was given, the borrower was compelled to pay the amount for which he would have been liable had the contract not been tainted with usury.

By amendments to the Banking Law of this State in the latter part of the nineteenth century, it was provided, in substance, in so far as applicable here, that " promissory notes void for usury as between the original parties are nevertheless valid and enforceable when discounted by a State bank for value before maturity in the due course of business, without notice of their usurious inception." (*Schlesinger* v. *Gilhooly*, 189 N. Y. 1.)

For aught we know, the notes in suit might be discounted by a bank before maturity without knowledge of the taint of usury. If so, the plaintiffs could be compelled under the law to make payment to such a bank on each note as it became due. Furthermore, in *Kaufman* v. *Schwartz* (174 App. Div. 239), this court, pursuant to the provisions of section 373 of the General Business Law, granted a temporary injunction in an action then pending in the Supreme Court, where the suit was brought to procure the cancellation of a chattel mortgage on the ground that it was given to secure a usurious loan which had matured. It appeared that shortly after the institution of the action in the Supreme Court, the defendant, Schwartz, commenced an action in the Municipal Court to foreclose the chattel mortgage. In the Municipal Court action, Kaufman, in his answer, had set up the defense of usury. In the Supreme Court action, Schwartz contended that " plaintiff has an adequate remedy at law to prove his usury in that action, and, therefore, does not need equitable relief." In concluding his opinion in *Kaufman* v. *Schwartz (supra)*, Mr. Justice SMITH said, " While the defendant has commenced his action to foreclose, he has the legal right to take possession of the machines at any time, even while that action is pending, and this plaintiff is powerless to prevent that in a Municipal Court action, and needs this injunction for that purpose." The same thought would apply with equal force to the situation with which we are now dealing. It seems to us, therefore, that plaintiffs are entitled to the benefits of section 373 of the General Business Law and that their first cause of action is well founded.

A different situation, however, obtains with respect to the second cause of action. As we have already seen, it is alleged therein that the amount of the loan which plaintiffs obtained was $30,000, for which four notes were given as security, each in the sum of

$8,500. Since the allegations of the complaint, for the purposes of this appeal, must be taken as true, the defendant exacted a usurious rate of interest from the plaintiffs. The latter, however, paid one note, which became due, in the sum of $8,500. That amount was only a portion of the whole loan. There was no excess interest paid. Even under section 372 of the General Business Law, which deals with the recovery of excess interest where payments have been made, plaintiffs, having paid only a part of the original loan, would not be entitled to recover the amount so paid. Plaintiffs' claim, therefore, with reference to this payment is not well founded and, consequently, no recovery can be had upon the second cause of action. As a consequence, the second cause of action should have been dismissed.

The order should be modified by granting the motion to the extent of dismissing the second cause of action only, and as so modified affirmed, with twenty dollars costs and disbursements to the appellants, with leave to the defendant to answer within ten days after service of order with notice of entry thereof, on payment of said costs.

MARTIN, P. J., TOWNLEY, DORE and CALLAHAN, JJ., concur.

Order unanimously modified by granting the motion to the extent of dismissing the second cause of action only, and as so modified affirmed, with twenty dollars costs and disbursements to the appellants, with leave to the defendant to answer within ten days after service of order, on payment of said costs.