THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM SCANLON, Appellant.— Judgment of the County Court of Queens County convicting defendant of the crime of burglary in the third degree, as a second offense, and possession of burglar's implements, as a felony, as a second offense, unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MATTHEW JEROME SULLIVAN, Appellant.— Judgment of the County Court of Queens County convicting defendant of the crime of burglary in the third degree, as a second offense, and possession of burglar's implements, as a felony, unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.

CATHERINE REILLY, an Infant, by CHRISTOPHER REILLY, Her Guardian ad Litem, and CHRISTOPHER REILLY, Appellants, v. SOUTH BROOKLYN RAILWAY COMPANY, Respondent.— Action by the infant plaintiff to recover damages for personal injuries sustained by her through the alleged negligence of the defendant in the operation of its trolley car, which collided with an automobile in which that plaintiff was a passenger, and by the infant's father to recover for loss of her services and for expenses. Order setting aside the verdict of a jury in favor of plaintiffs and granting a new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

JACOB RUBIN, Respondent, v. ABRAHAM RACKOFF, Defendant, and "JOHN" KATZ, the First Name "John" Being Fictitious, the True First Name of Said Defendant Being Unknown to Plaintiff, the Party Intended Being a Doctor Called "J." KATZ, Appellant.— Action by plaintiff to recover damages for the loss of the services of his daughter, who had been employed in his business as a saleswoman, occasioned by her illness consequent upon a criminal abortion alleged to have been performed by appellant and to which plaintiff's daughter had submitted. Order denying motion to dismiss the complaint as to the appellant reversed on the law, with ten dollars costs and disbursements, and the complaint dismissed on the law, with ten dollars costs. The complaint is insufficient in law to constitute a cause of action in that it fails to state facts tending to show the existence of a *de jure* relationship of master and servant between plaintiff and his daughter or that the wrongful act of the appellant, although criminal in nature, was a harm by which it was sought intentionally to interfere with the plaintiff's right to his daughter's services. Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.

SARAH SALTZMAN, Respondent, v. BENJAMIN RAPPAPORT and Another, Defendants, and ABRAHAM SPOLIN, Appellant.— Action for a judgment declaring usurious and void a loan made to plaintiff and secured by her notes, chattel mortgage and sublease, and directing the surrender of the security and the assignment of the sublease to plaintiff, together with the return of the amount which she paid defendants on account of the alleged usurious loan. Order denying appellant's motion to dismiss the complaint under rule 106 of the Rules of Civil Practice, affirmed, with ten dollars costs and disbursements, with leave to appellant to answer within ten days from the entry of the order hereon. (See *Reel* v. *Porcella*, 263 App. Div. 621.) Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.