In an action by the assignee of an alleged purchase-money mortgage on real property to foreclose said mortgage, a defense of usury was interposed. The appeal is from a judgment of foreclosure and sale entered after trial before a Special Referee to whom the action had been referred to hear and determine on the stipulation of the parties. Judgment reversed and new trial granted, with costs to abide the event. The findings of fact have not been considered. The learned Referee erroneously excluded evidence to support the defense that the mortgage was given to secure a usurious loan, and that the mortgagee was really a lender, rather than a seller, although it appeared that the mortgagee was a contract purchaser of the mortgaged premises, and that appellants acquired the mortgagee’s rights to the contract by assignment. There is no usury in the normal purchase-money mortgage transaction where a seller demands a higher price because the consideration is not all in cash. However, a lender of money may not utilize the form of a purchase-money mortgage to cloak a usurious loan (Del Rubio v. Duchesne, 284 App. Div. 89; Smith v. Cross, 90 N. Y. 549). The defense of usury may be asserted against an assignee for value (Beck v. Sheldon, 259 N. Y. 208). It does not appear that appellants executed an estoppel certificate which might have estopped them from pleading the defense (J. & A. Corp. v. Cass, 238 App. Div. 864; Union Dime Sav. Inst. *1009 v. Wilmot, 94 N. Y. 220; Sperling v. Babian, 227 App. Div. 53). While some of the excluded evidence was hearsay, and therefore incompetent (Merkle v. Beidleman, 165 N. Y. 21), competent evidence of usury was also excluded which should have been admitted (Spain v. Talcott, 165 App. Div. 815; Del Rubio v. Duchesne, supra; Vee Bee Service Co. v. Household Finance Corp., 51 N. Y. S. 2d 590, affd. 269 App. Div. 772).
Beldoek, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.