■ AMY T. BLACK, Respondent, v. SOPHIE BEDERSON et al., Appellants.— In an action to recover damages sustained as the result of fraudulent representations which induced a purchase of real property, and to set aside as usurious a bond and mortgage given by the vendee, the appeal is from an order denying appellants' motions to dismiss the complaint for insufficiency (Rules Civ. Prac., rule 106, subd. 4). Order reversed, with one bill of $10 costs and disbursements, and motions granted. It is alleged that appellant Jacob Bromberg fraudulently represented (a) that he would assist respondent in getting tenants out of the building, (b) that he would assist her in making alterations, and (c) that he would lend her $18,000 with which to finance conversion and alteration work. There is no factual allegation that representations (a) and (b) were not fulfilled; in fact such subsequent assistance is expressly alleged. It is also expressly alleged that the $18,000 loan was conditioned, *inter alia,* upon completion within 90 days of the conversion work. There is no allegation that such condition was fulfilled by respondent; on the contrary, it is alleged that the building was condemned and destroyed by the City of New York after it became uninhabitable and unsafe. Nor is there a sufficient allegation as to usury. It is alleged that appellant Jacob Bromberg had told respondent that he would sell her the parcel for $3,000 but thereafter insisted upon $5,000 and that respondent had executed a contract at that price. Whatever prompted the increase in price, usury cannot be claimed to have resulted as to a bond and mortgage in that amount given back by respondent to the nominees of appellant Jacob Bromberg (*Brooks v. Avery,* 4 N. Y. 225, 229; *Meaker v. Fiero,* 145 N. Y. 165, 171). Nolan, P. J., Ughetta, Kleinfeld and Christ, JJ., concur; Beldock, J., dissents and votes to affirm the order, with the following memorandum: In my opinion, the second cause of action is sufficient. It pleads that appellant Jacob Bromberg was a contract vendee for $3,000, and that he agreed with respondent to sell her the property for that amount on a bond and mortgage for $3,000, Bromberg agreeing to lend respondent the $3,000. It is further alleged that, to cover up usury, the purchase price was stated to be $5,000, with the extra $2,000 being "additional interest" and a bonus. There is presented in this case a question of fact as to whether the $5,000 truly reflected an increase in the purchase price by a seller because of the credit extended (as appellants contend, in which case the complaint should be dismissed), or whether appellant Jacob Bromberg was in fact a lender who utilized the form of a purchase-money mortgage to cloak a usurious loan (as the complaint alleges, in which case respondent is entitled to judgment). (See *Butts v. Samuel,* 5 A D 2d 1008; *Del Rubio v. Duchesne,*

284 App. Div. 89.)  Since the second cause of action is sufficient, and since the motion to dismiss is directed against the complaint as a whole, the motion to dismiss the complaint should be denied.