■ DAVID KAHN et al., Copartners Doing Business as THE TIDES, Respondents, v. JACOB SOHMER et al., Individually and as Copartners Doing Business as SOHMER FACTORS COMPANY, Appellants. (Action No. 1.) JACOB SOHMER et al., Appellants, v. THE TIDES OF LONG BEACH, INC., et al., Respondents, et al., Defendants. (Action No. 2.) — In two actions which were consolidated and tried together: Action No. 1 was brought by copartners Kahn and Schatz against three copartners named Sohmer, to cancel a promissory note, a mortgage on a lease, an assignment of the lease, an extension agreement and an additional agreement for payment of a sum of money (the leasehold mortgage and assignment having been given as security for the note); and Action No. 2 was brought by the Sohmers against Kahn and Schatz, against a corporation (The Tides of Long Beach, Inc.) which had been formed by them, and against others, to foreclose the mortgage. The three Sohmers, as defendants in Action No. 1 and as plaintiffs in Action No. 2, appeal from a judgment of the Supreme Court, Nassau County, made September 28, 1960 (entered October 3, 1960), after a nonjury trial, canceling all the documents mentioned in Action No. 1, and dismissing the complaint in Action No. 2. Judgment reversed on the law and the facts, with costs, complaint in Action No. 1 dismissed; actions severed; and Action No. 2 remitted to Special Term for the making of an appropriate judgment granting to the Sohmers the relief therein sought, except that no deficiency judgment may be had or entered against respondents Kahn and Schatz. The formal findings of fact are approved; the formal conclusions of law, insofar as they are inconsistent herewith, are disapproved; and additional formal findings of fact and conclusions of law consistent herewith will be made on the settlement of the order. The evidence supports the findings that usury was exacted on the original transaction and again on the extension agreement. However, with respect to the affirmative equitable relief of cancellation of the usurious transactions to which borrowers, under section 373 of the General Business Law, are ordinarily entitled without offering to pay the amount advanced to them plus legal interest, the respondents Kahn and Schatz are not entitled to such unconditional relief. They are not entitled to it because they lost their status as borrowers when, subsequent to the original transaction, they made a further assignment of the lease to the respondent corporation (*Schermerhorn* v. *Talman*, 14 N. Y. 93, 126–129, 131–133; *Halsey* v. *Winant*, 258 N. Y. 512, 528–531). And such corporation, as the assignee of the equity of redemption, may not defend the foreclosure action on the ground of usury, since it took the assignment subject to the mortgage (*Hartley* v. *Harrison*, 24 N. Y. 170; *Sands* v. *Church*, 6 N. Y. 347; *Del Rubio* v. *Duchesne*, 284 App. Div. 89; *Yormark* v. *Waldman*, 127 Misc. 748). On the other hand, respondents Kahn and Schatz

may assert the defense to the extent that a deficiency money judgment is sought against them (*Del Rubio* v. *Duchesne, supra*). Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur. Settle order on consent or on 10 days' written notice, setting forth appropriate additional formal findings and conclusions.