**462**

■ DOROTHY J. SICA, Appellant, v. MARIO V. GIMMA et al., Respondents, et al., Defendant.— Judgment unanimously modified, on the law and on the facts, to the extent of sustaining the fourth cause of action and granting a recovery thereon to the plaintiff in the sum of $1,000 and, as so modified, the judgment is otherwise affirmed, without costs. The record supports the finding made by the trial court that the plaintiff supplied the funds used by the husband and placed no restrictions on his expenditures. She knew that he had no assets of his own and gave him " carte Blanche * * * to use her funds for either their personal use, for household purposes or for himself." She likewise was fully aware of all of his transactions and gave him her full acquiescence in connection therewith. The automobile, which was the subject of the fourth cause of action, was sold by the defendant, Mario V. Gimma, after the divorce, for a sum which he said was about $2,000. Having admitted that the automobile was jointly owned by him and the plaintiff, the plaintiff is entitled to a judgment in the sum of $1,000, with interest, from June 30, 1954, the sale having been made some time in June of that year. The court having made no findings with respect to this fourth cause of action, the findings here made shall be considered as findings with respect thereto. Settle order on notice. Concur — Rabin, J. P., Valente, McNally, Stevens and Steuer, JJ. [12 Misc 2d 699.]

■ BROAD & WALL CORPORATION, Respondent, v. THOMAS R. O'CONNOR et al., Appellants.— Judgment entered on the order granting plaintiff's motion for summary judgment, unanimously reversed, on the law, on the facts and in the exercise of discretion, and the motion is denied with leave to renew upon completion of all pretrial proceedings, without costs. On this rather incomplete and unsatisfactory record, a question of fact is presented with respect to the defense of usury alleged in the first complete defense. The defense and the affidavit of Fassoulis allege he, and not Sales Consultants, Inc., is the borrower. Further, an issue of fact is presented with respect to privity. The defense of usury is personal to the borrower and is not available to these defendants if they were strangers to the allegedly usurious loan transaction. (*Williams* v. *Tilt*, 36 N. Y. 319, 325; *Thorer & Hollander* v. *Fuchs*, 241 App. Div. 359; *Crittenden* v. *Barkin*, 212 App. Div. 232, affd. 242 N. Y. 508.) We do not at this time decide whether plaintiff is entitled to recover the principal of the promissory note or whether recovery is limited to the amount of the loan thereby secured. Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ.

■ In the Matter of the CITY OF NEW YORK, Respondent-Appellant, Relative to Acquiring Title to Real Property for Street Purposes, Within the Blocks Bounded by Bruckner (Boulevard) Expressway, and Other Streets in the Borough of The Bronx. MICHAEL J. DE GREGORIS et al., as Executors, Respondents; A. F. & G. REALTY CORP. et al., Appellants-Respondents.— Decree unanimously modified, on the law and on the facts, by reducing the awards made at Special Term for Damage Parcels P-5A, 47 & 48 and 50 to the following amounts: Damage Parcel P-5A — $9,500; Damage Parcels 47 & 48 — $35,000; Damage Parcel 50 — $35,000. As so modified, the decree, insofar as appealed from, is affirmed, with costs to appellants in all cases of modification and costs to respondents where the awards have been affirmed. As to the modifications, the record before us does not support allowances in excess of the amounts to which the awards have been reduced. Settle order on notice. Concur — Breitel, J. P., Rabin, Stevens, Eager and Steuer, JJ.