Michael A. **MORAN**, an infant, by his
Guardian ad Litem, Olimpia Moran,
and Arthur Moran, Plaintiffs,

v.

**UNITED STATES of America,**
Defendant.

Civ. No. 61–C–159.

United States District Court
E. D. New York.

Oct. 31, 1963.

Seymour Gelfand, New York City, for plaintiffs.

Joseph P. Hoey, U. S. Atty., Eastern Dist. of New York, for defendant, Carl Golden, Asst. U. S. Atty., of counsel.

BRUCHHAUSEN, District Judge.

This action, tried before the Court, without a jury, was instituted by the plaintiffs to recover damages for personal injuries, allegedly sustained by their son, a boy of approximately six years of age at the time of accident on February 12, 1960, shortly after noon.

It is undisputed that prior to the occurrence the boy was on the sidewalk near or in front of his residence, bearing the street number 1870 West 11th Street, Brooklyn, New York, located on the west side of that street, between Avenue S and Highlawn Avenue, that West 11th Street was a one-way street, northbound, that motor vehicles were parked in file at or near the westerly curb of said street, that the defendant's mail truck was double parked, that the boy crossed the street in front of the mail truck and came into contact with a motor vehicle, operated by the witness Salvatore Di-Grazia, proceeding in a northerly direction on West 11th Street at a point when it came abreast of the parked mail truck.

The plaintiffs in their complaint alleged that the proximate cause of the accident was the double parking on the part of the operator of the mail truck and that the boy's vision of moving traffic in the roadway was blocked by the truck.

It appears that the witness, Pasquale Basso, the operator of the mail truck, left it to deliver a parcel, that within a few minutes thereafter and prior to the completion of the delivery the vehicle, operated by DiGrazia, approached the rear of the double parked truck, reduced speed to approximately ten miles per hour and proceeded to pass the defendant's vehicle. When the front end of his moving vehicle cleared the front end of the double parked truck the boy proceeded from the sidewalk, crossed in front of the defendant's truck and came in contact with the left front fender of Di-Grazia's vehicle. There was conflicting testimony as to whether his vehicle struck the boy or the boy ran into the front fender of the moving vehicle.

 

Plaintiffs also contend that the defendant violated Section 81(c) 2 of the New York City Traffic Regulations, viz.:

"No person shall stand or park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with law or the directions of any police officer, in any of the following places, unless otherwise indicated by traffic control devices:

"On the roadway side of a vehicle stopped, standing, or parked at the curb."

Section 80(c) in the same Regulations provides, viz.:

"When parking is prohibited by signs or regulation, no person shall park such vehicle, attended or unattended, but may stop or stand the vehicle temporarily for the purpose of and while expeditiously receiving or discharging passengers or loading or unloading merchandise."

■ A violation of a traffic regulation is some evidence of negligence. Holder v. Abramson, 271 App.Div. 649, 67 N.Y.S. 2d 224.

■ No parking space adjacent to the curb for approximately one hundred feet from the point of delivery was available. It is further clear that postal vehicles are included in the exception noted in Section 80(c) of the traffic regulations. It is common knowledge that the streets or highways in the City of New York are heavily congested with vehicular traffic. Distribution of mail would be seriously hampered if double parking of postal vehicles was prohibited.

■ The Court concludes that the regulation was not violated. Furthermore, the defendant's liability would not be established by the mere violation of a traffic regulation. To impose such liability upon the defendant, the plaintiffs had the burden to prove that such double parking was the proximate cause of the accident. In this they failed.

The case of Maloney v. Howard Johnson, Inc., 5 A.D.2d 1015, 174 N.Y.S.2d 257, Appellate Division, Second Department, is in point. Therein the Court at page 258 of 174 N.Y.S.2d said:

"No actionable negligence was shown (Scanlon v. Temple, 297 N.Y. 516, 74 N.E.2d 463; Betancourt v. Wilson, 3 A.D.2d 465, 162 N.Y.S.2d 115). Even if it be assumed that Kalter was guilty of negligent operation of his motor vehicle, there is no proof which warrants the inference that the double parking of the truck contributed to the happening of the accident. In fact there is proof to the effect that the double parking caused Kalter to reduce his speed. It was after he had passed the truck at a reduced speed that he saw the 'image' of the infant emerging from between the two parked vehicles."

The defendant is entitled to judgment dismissing the complaint. Settle findings and decree on five (5) days' notice.