John W. Sweeny, J.
In this mortgage foreclosure action defendants Golden Triangle Realty, John T, Tomicki and Antoinette J. Tomicki move by order to show cause to open a default judgment, interpose an answer alleging the defense of usury and for summary judgment dismissing the complaint.
The court notes that the moving defendants now appear by the defendant John T. Tomicki, Esq., as the application of their counsel to be removed was granted at the return of this order to show cause on July 3, 1974.
Assuming, arguendo, the existence of a justifiable excuse for this default of several months, the court does not believe that the defense of usury is available to the defendants on the facts in this case.
The underlying transaction for the purchase by the corporate defendant of a single-family dwelling along with 104 acres of subdividable land is not a transaction within the meaning and intent of subdivision 2 of section 5-521 of the General Obligations Law. The declared policy of the Legislature (L. 1957, ch. 968, § 1) was (1) to protect the purchasers of homes in one- and two-family-home communities from (2) unethical moneylenders using the corporate device to exact usurious interest rates.
While some portion of the $350,000 purchase price involved herein covered the purchase of a single-family dwelling, the transaction as a whole must be read as an investment purchase of undeveloped land for the purpose of future subdivision and sale. A cursory review of the addenda to the contract of sale reveals that some of the essential terms included the rights of the purchasers to dig test holes, dig wells, install a water storage facility. The contract also provided for releases from mortgage lien upon payment of $2,500 per acre ($3,000 in the mortgage agreement) and a representation with reference to the seller’s lack of knowledge of proposed zoning changes.
Quite obviously this transaction was more than a simple agreement to sell a single-family home and therefore was not one within the intention of the Legislature when it provided the exception in subdivision 2 of section 5-521 of the General Obligations Law.
Additionally, the expressed intent of that enactment is to protect a borrower from a usurious loan from moneylenders. The courts have long held that normal purchase-money mortgages, as those in question, are not loans or forbearances with respect to a pre-existing debt and therefore are not covered by article 5 of the General Obligations Law (Mandelino v. Fribourg, 23 N Y 2d 145; Del Rubio v. Duchesne, 284 App. Div. 89).
*485 The facts of this case do not support defendant’s claim of economic duress (cf. Leben v. Nassau Sav. & Loan Assn., 40 A D 2d 830, affd. 34 N Y 2d 671). The revised contracts of sale explicitly gave the purchaser, if other than a corporation, the right to execute purchase-money mortgages at the -maximum allowable legal rate. Movants’ voluntary decision to take title to this investment property in the name of a corporate entity and subject to the highly inflated interest rates of the purchase-money mortgage, does not approach the factual situation presented to the court in Leben (supra).
Because this court feels that defendants’ proposed defenses are without merit as a matter of law, the motion is denied in its entirety and the stay imposed by the order to show cause is hereby vacated.