■ GEDDES SAVINGS & LOAN ASSOCIATION, Respondent, v IRVING MISHEL et al., Appellants. — Order unanimously affirmed, with costs, as to defendant Seventh Main Street Corporation; appeal as to defendant Mishel dismissed. Memorandum: This is an action to foreclose a mortgage securing a loan of $33,000 at an annual interest rate of 10%. The principal defense is usury. Defendants Lee Terrace, Ltd., and Robert D. Langtry, the original mortgagors, have defaulted on the motion for summary judgment. Defendant Damico is a second mortgagee and has no interest other than surplus money proceedings. Defendant Seventh Main Street Corporation is a subsequent purchaser of the property from Lee Terrace and Langtry. It assumed the grantor's mortgage to plaintiff and made payments on it from the date of its purchase of the premises in April, 1976 until August, 1978 when it defaulted. Defendant Mishel is the president of Seventh Main Street. Special Term dismissed the cause of action against him. He is, therefore, not aggrieved and his appeal is dismissed.

Subdivision 1 of section 5-521 of the General Obligations Law provides that no corporation shall interpose the defense of usury in an action. Subdivision 2 of the statute provides that subdivision 1 shall not apply to a corporation, the principal asset of which is a one- or two-family dwelling where it appears the corporation was formed within a period of six months prior to the execution of the bond and mortgage covering the premises. Defendant Seventh Main Street, noting that Lee Terrace, Ltd., met the specifications of the statute claims that the loan is void and unenforceable because usurious. It is clear from the unrefuted facts contained in the moving papers, however, that Lee Terrace was not borrowing money to buy a dwelling house within the intendment of the statute; it was buying commercial property that happened to have a 65-year-old frame dwelling house on it. The mortgaged property was in a district zoned for office warehouse use, surrounded by commercial buildings and located near a busy interchange of the New York State Thruway. Significantly, Langtry, the principal of Lee Terrace and also a mortgagor, already had a residence in a desirable residential suburb of Syracuse and the appraisal he submitted in support of his loan application evaluated the property solely for commercial uses and indicated that preliminary negotiations were then underway at the time to sell the property to two commercial customers. It is also significant that plaintiff's bank appraiser valued the property at $60,000, allocating $51,000 to land and $9,000 to improvements. Plaintiff maintains that it is clear from this evidence that the transaction was a commercial speculation and there are no facts submitted from Langtry or Lee Terrace, the mortgagors, asserting otherwise. Even if the loan was usurious, however, and void under the statute, defendant Seventh Main Street Corporation is estopped from asserting that defense after it voluntarily assumed the mortgage and made payments on it (see *Fitzsimmons v Roberts*, 237 App Div 467; and see, also, General Obligations Law, § 5-517; *Halsey v Winant*, 258 NY 512, 527-532; *Kahn v Sohmer*, 12 AD2d 982). Defendant Seventh Main Street Corporation has counterclaimed for a judgment declaring the bond and mortgage void because usurious. Inasmuch as we are affirming an order granting summary judgment against it on those instruments, little is to be gained by exercising our discretionary power to grant a declaratory judgment (see 3 Weinstein-Korn-Miller, NY Civ Prac, par 3001.07). (Appeal from order of Supreme Court, Onondaga County, Roy, J. — summary judgment.) Present — Simons, J. P., Doerr, Denman, Boomer and Moule, JJ.