■ MILLERTON PROPERTIES ASSOCIATES, Appellant, v BRESCIA ENTERPRISES, INC., Respondent, et al., Defendants.—Weiss, P. J. Appeals (transferred to this court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Benson, J.), entered April 24, 1991 in Dutchess County, which granted a motion by defendant Brescia Enterprises, Inc. for leave to serve an answer, and (2) from an order of said court, entered June 6, 1991 in Dutchess County, which, *inter alia,* denied plaintiff's motion for renewal.

Plaintiff commenced this action to foreclose a mortgage on four parcels of real property which secured a note executed by defendant Brescia Enterprises, Inc. (hereinafter defendant). After service of the summons and complaint on July 27, 1990, defendant appeared by counsel on October 5, 1990 and waived service of all papers except notice of application for discontinuance, notice of sale and notice of surplus money proceed-

ings. At the same time that plaintiff submitted a judgment of foreclosure and sale upon the Referee's report, defendant moved for leave to serve a late answer asserting the defense of usury pursuant to the exception in General Obligations Law § 5-521 (2). Defendant contended that three of the four parcels subject to the mortgage contained single-family residences of Brescia family members and that defendant had been formed less than six months prior to the mortgage (see, North Broadway Funding Corp. v Freed, 45 AD2d 759). Supreme Court granted the motion permitting the answer to be filed. Plaintiff thereafter moved for leave to reargue and/or renew. While the court denied renewal, it granted reargument but, upon reargument, adhered to its original decision. Plaintiff has appealed from both orders.

The record shows that defendant was formed on November 8, 1989, less than six months before execution of the subject mortgage. The mortgaged premises consist of four separate parcels all conveyed to defendant simultaneously with the mortgage by members of the Brescia family, each of whom resided on one of the parcels. Two other Brescia daughters who did not hold title to any of the parcels also resided on the mortgaged property. Defendant concedes that parcel I contains several buildings in addition to a single-family residence, parcel III contains a four-family residential unit and parcel IV contains a separately owned residential trailer. Notwithstanding the additional structures, defendant argues that its principal assets consisted of one or two-family dwellings and that the sole purpose of the incorporation was to avoid proscribed usury and secure a loan with interest at 24%. The excuse offered for defendant's failure to answer is its lack of awareness of a possible defense of usury which did not surface until counsel was informed of the residential character of the mortgaged property several weeks after the time to answer had expired.

Plaintiff's arguments focus on the lack of a meritorious defense and defendant's failure to offer an acceptable excuse for its default in answering. General Obligations Law § 5-521 (2) states in relevant part: "The provisions of subdivision one of this section shall not apply to a corporation, the principal asset of which shall be the ownership of a one or two family dwelling, where it appears either that the said corporation was organized and created * * * within a period of six months prior to the * * * mortgage creating a lien for said indebtedness on the said one or two family dwelling". Because it has been conceded that the mortgage was executed less than six

months after incorporation, the remaining issue is whether the security mortgaged qualifies under the statute.

The property conveyed to defendant includes much more than "a one or two family dwelling". Even were we to accept an expansive interpretation of the statute to cover the two separate one-family dwellings, parcel I includes a building with two stores, several outbuildings and vacant land in addition to the residence *(see, e.g., Geddes Sav. & Loan Assn. v Mishel,* 89 AD2d 792, 793). Parcel III contains a four-family residential unit and parcel IV, which is mostly vacant, contains a separately owned residential trailer. Additionally, plaintiff offered proof that an application had been made less than six months before the mortgage to subdivide parcel II into four lots. Under the plain meaning of the wording in the statute, we cannot say that defendant qualifies for the statutory exclusion. We need not reach the remaining issues as to purpose for the incorporation and whether the loan was made to discharge personal debts and obligations of the individual members of the Brescia family and not in furtherance of personal enterprise or business or commercial purposes *(see, Schneider v Phelps,* 41 NY2d 238, 241-242). The purpose of the usury laws is generally to protect poor people from the consequences of their own desperation *(Conner Gen. Contr. v Rols Capital Co.,* 145 AD2d 452). Where, however, the true borrower has a business purpose and the corporation itself is a financing device in furtherance of a profit-oriented enterprise, the use of a shell corporation to avoid the usury defense is permissible and accepted. Conversely, the statute proscribes the evasive device of organizing a corporation solely for the purpose of stripping an impoverished debtor who owns a one or two-family home of the protection of the usury laws *(see, Schneider v Phelps,* 41 NY2d 238, 243, *supra; see also, First Natl. Bank v Mountain Food Enters.,* 159 AD2d 900).

Having found that defendant is not entitled to the statutory protection, the proposed defense becomes meritless, making it unnecessary for us to reach plaintiff's remaining arguments.

Yesawich Jr., Crew III, Casey and Harvey, JJ., concur. Ordered that the orders are reversed, on the law, with costs, and motion for leave to serve an answer denied.