■ NORTH FORK BANK, Respondent, v SUFFOLK COUNTY INDUSTRIAL DEVELOPMENT AGENCY et al., Defendants, and JOSEPH PETITO, Appellant. [690 NYS2d 128] —In an action to foreclose a mortgage, the defendant Joseph Petito appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), entered February 2, 1997, as granted the motion of the plaintiff North Fork Bank for summary judgment and appointed a Referee, and the defendants Advanced Purification Systems, Inc., and American Purification and Sterilization, Inc., separately appeal from the same order.

Ordered that the appeal by the defendants Advanced Purification Systems, Inc., and American Purification and Sterilization, Inc., is dismissed for failure to timely perfect the same in accordance with the rules of this Court (*see*, 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendant Joseph Petito.

Contrary to the appellant's contentions, the subject deed, mortgage, industrial revenue bond, and the other relevant documents, were permissibly executed as part of a single, integrated transaction which financed an authorized industrial development project (*see, e.g., Matter of Erie County Indus.*

*Dev. Agency v Roberts,* 94 AD2d 532). As a result of that transaction, the Suffolk County Industrial Development Agency obtained legal title to the real property in question and, therefore, possessed authority to execute a mortgage in favor of North Fork Bank (*see,* General Municipal Law § 858 [4]; *see also, Lincoln First Bank v Spaulding Bakeries,* 117 Misc 2d 892).

The appellant's claim that the foregoing mortgage was usurious is without merit (*see, Halsey v Winant,* 258 NY 512; *Gross v Lichtman,* 55 AD2d 670; *Broad & Wall Corp. v O'Connor,* 13 AD2d 462; *Kahn v Sohmer,* 12 AD2d 982).

The appellant's remaining contentions are similarly without merit (*see, Board of Educ. v Town of Wallkill Indus. Dev. Agency,* 222 AD2d 475; *Matter of Glens Falls City School Dist. v City of Glens Falls Indus. Dev. Agency,* 196 AD2d 334). Mangano, P. J., Santucci, Thompson and McGinity, JJ., concur.