Mabio Pittoni, J.
Motion by the defendant: (1) to dismiss the complaint for insufficiency; (2) for judgment on default as to the first counterclaim; (3) for an assessment of damages as to the second counterclaim.
Cross motion to: (1) dismiss 1 ‘ the motion of the defendant in its entirety”; (2) to consolidate the above-titled action with one “ instituted against defendant’s corporation.”
The complaint pleads inter alia: that on ‘1 September 11,1959, Pine Drive Associates, Syosset, New York, loaned to plaintiffs the sum of Four Thousand Five Hundred Dollars ($4,500.00) ”; that the plaintiffs gave ‘ ‘ a mortgage and mortgage note payable in equal monthly installments of One Hundred Dollars ($100.00) with interest thereon, to be computed from said date at the rate of Five and one-half percent (5%%) per annum to be paid on the 11th day of October, 1959, and monthly thereafter on the unpaid balance.” It is pleaded further that on June 1, 1960 the mortgage and notes were assigned to the defendant and in paragraph 8 that the “ loan was owned, made, assigned, collected and administered by the defendant, Mabel F. Jaffa, corruptly, usuriously and in violation of the laws of the State of New York governing the rate of interest to be charged on loans from said date of assignment” (emphasis supplied).
No facts are alleged to show that when the loan was made by Pine Drive Associates, Inc., the latter received “in money, goods or things in action, or in any other way, any greater sum or greater value, for the loan ” (General Business Law, § 371) than permitted by law.
* ‘ Payments in excess of the legal rate of interest, if made pursuant to a subsequent demand, agreement or understanding cannot vitiate the original transaction. * * * Such excess payments must be applied in reduction of the principal and against the lawful interest.” (President & Directors of Manhattan Co. v. Rudner, 280 App. Div. 982; emphasis supplied.)
Here the complaint demands that the notes be adjudged usurious and void; but the failure to plead any facts showing usurious payment or consideration for the issuance of the notes warrants a dismissal of the complaint as insufficient. Accordingly, the motion is granted to that extent, with permission afforded the plaintiffs to serve an amended complaint within 20 days after the service of a copy of the order hereon.
Insofar as the counterclaims are concerned, the motion is denied, without prejudice to any other motion which may be made after the service within 20 days after the service of the order of a copy of the reply. The plaintiffs’ attorney swears that he served a reply to the counterclaim on June 6, 1961. If *565 so, the plaintiffs were not in default when the present motion, based on an alleged default, was made. Assuming that the reply was served by mail but not received, it would be an improper exercise of discretion to grant the motion as to the counterclaims on the grounds stated.
Cross motion denied as to the dismissal of the defendant’s motion, and denied as to consolidation without prejudice to a renewal after the service of an answer to the amended complaint heretofore directed.