■    Elliot S. Gross et al., Respondents-Appellants, v Aaron L. Lichtman, Appellant-Respondent.—In a mortgage foreclosure action, (1) defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Richmond County, dated June 18, 1976, as confirmed that part of a referee's report which directed him to pay interest on the mortgage principal at the rate of 11% per annum and (2) plaintiffs cross-appeal from so much of an order of the same court, dated May 19, 1976, as denied their cross motion for an additional allowance pursuant to CPLR 8303 (subd [a], par 2). The appeal brings up for review so much of a further order of the same court, dated October 21, 1975 as, upon granting plaintiffs partial summary judgment, confirmed that part of the referee's report which determined the interest to be paid plaintiffs and failed to grant defendant's cross motion to amend his answer so as to assert therein the defense of usury. (Defendant has apparently abandoned appeals (1) from an order of the same court, dated November 21, 1975, which, upon his default, struck the first affirmative defense contained in his answer and (2) from so much of the order dated May 19, 1976 as denied his motion for reargument.

In any event, neither of the said orders are appealable insofar as they are adverse to defendant.) Judgment and orders dated May 19, 1976 and October 21, 1975 affirmed insofar as appealed from and reviewed, with one bill of costs to plaintiffs. It is our opinion that the defense of usury is not available to defendant and that his motion for leave to amend his answer so as to assert such a defense was properly denied. Defendant assumed the debt here sued upon, and the mortgage here foreclosed, when he purchased the property which was subject to the mortgage. The original mortgage loan was made bearing interest at a rate of 11% per annum. Since defendant was not privy to the original loan and mortgage agreement, or to the extension thereof, the defense of usury is not available to him (see *Williams v Tilt*, 36 NY 319, 325; *Broad & Wall Corp. v O'Connor*, 13 AD2d 462). Furthermore, assuming that he was a party to a further illegal extension agreement, such agreement would not invalidate the original obligation under the mortgage and defendant's written agreement to repay the principal amount plus 11% per annum interest thereon (cf. *Goerlich v Jaffa*, 30 Misc 2d 563). We note that defendant failed to assert the defense of usury in his answer and that it was not until several years after the service of that pleading that he moved at Special Term for leave to amend his answer to assert the defense. On this appeal defendant failed to make any reference to Special Term's failure to grant his motion, with the exception of the single reference to the order entered upon the decision of Mr. Justice Titone, wherein such application was denied; the order entered on that decision, however, makes no disposition of the issue. Defendant has not challenged Mr. Justice Titone's decision and, on this appeal, merely asserts the defense as if it had been properly pleaded. We are of the opinion that the motion was correctly denied for the reasons heretofore stated. There was no abuse of discretion in the denial of plaintiffs' application for an additional allowance pursuant to CPLR 8303 (subd [a], par 2) (see, also, *Abbott v Page Airways*, 23 NY2d 502, 515). Cohalan, Acting P. J., Rabin, Shapiro and O'Connor, JJ., concur.