■ LOUIS MILONA & SONS, INC., Appellant, v CARL MARSHALL, Respondent.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered March 27, 1989, which vacated a prior default judgment entered by that court on or about December 5, 1988, unanimously affirmed, without costs.

This action arises out of a consignment agreement allegedly signed by defendant, Carl Marshall, upon the delivery by plaintiff, Louis Milona & Sons, Inc., of a $28,000 Russian sable coat. The coat neither having been returned nor paid for, plaintiff seeks damages from defendant in the amount of its value. It is defendant's contention that the coat was not delivered to him as a individual, but to a nonparty corporate entity, Weiss-Marshall, Inc., and that any liability stemming from this transaction must be borne by said corporation.

At issue on appeal is whether the IAS Part erred in vacating its prior order, dated November 30, 1988, which granted summary judgment to plaintiff on default. Upon examination of this record, we conclude that the court's ruling was a proper exercise of discretion.

First, we note that plaintiff itself had sought and been granted restoration of the matter to the calendar after it was removed due to plaintiff's nonappearance. Further, defendant's attorney has submitted an affidavit stating that he was never served with plaintiff's motion for such restoration—which motion also sought summary judgment—and that this was the reason for defendant's failure to respond and the resulting default. In moving to vacate the default, defendant's attorney also raised issues of fact, including a denial that defendant had signed the consignment agreement and an assertion that he does not engage in transactions of this nature as an individual.

In light of all of these circumstances, we are persuaded that vacatur of defendant's default served the interests of justice and was an appropriate exercise of discretion. *(See, Government Employees Ins. Co. v Employers Commercial Union Ins. Co.,* 62 AD2d 123, 127; CPLR 5015 [a]; 317.) Defendant's counsel also raised triable issues of fact sufficient to defeat the drastic remedy of summary judgment. *(See, Rotuba Extruders v Ceppos,* 46 NY2d 223.) Concur—Kupferman, J. P., Asch, Kassal, Wallach and Rubin, JJ.