■ SEASHELLS, INC., Appellant, v BRIDGE ART PRODUCTIONS, INC., et al., Respondents, et al., Defendants.—Orders, Supreme Court, New York County (Leonard N. Cohen, J.), entered on or about June 28, 1990 and October 24, 1990, which, *inter alia,* respectively, granted the motion of defendants Bridge Art Productions, Inc. and Angel Lopez Orensanz to vacate their default and granted in part and denied in part plaintiff's motion for summary judgment, affirmed, without costs.

The IAS Court was not precluded from exercising its discretion to vacate defendants' default in answering plaintiff's motion for summary judgment and restoring the matter to the motion calendar as here, where the default was inadvertently occasioned by confusion generated by the substitution of attorneys. The papers supporting defendants' motion to vacate the default were sufficient to make a *prima facie* showing of legal merit *(Picotte Realty v Aragona,* 87 AD2d 955, 956).

With respect to the motion for summary judgment, defendants-respondents asserted that they paid in excess of $374,000 on the $400,000 mortgage herein. Defendant Angel Lopez Orensanz submitted an additional affidavit and schedule of payments indicating that plaintiff demanded and was paid interest in excess of the statutory limitations as outlined pursuant to Penal Law § 190.40 for several months preceding the April 1987 default in payment alleged in plaintiff's complaint. The record does not conclusively support plaintiff's contention that such payments which defendants assert were for interest above the legally proscribed rate, were made pursuant to additional or subsequent agreements, and as such, there is an issue of fact with regard to whether or not plaintiff purported to exact such payments pursuant to the terms of the original agreement. Concur—Murphy, P. J., Ross and Asch, JJ.

Milonas, J., dissents in a memorandum as follows: In my opinion, defendants do not have a meritorious defense to this action. Therefore, the Supreme Court should not have granted their motion to vacate the default judgment, but, having done so, it was obliged to grant plaintiff's motion for summary judgment. In that regard, it should be noted that the only real issue herein concerns the viability of defendants' assertion that the subject mortgage charged a usurious rate of interest, and, indeed, the Supreme Court properly rejected a number of other claims advanced by defendants, including lack of personal service. However, the court also held, incorrectly, I believe, that an issue of fact exists with respect to whether plaintiff was guilty of usury, citing Penal Law § 190.40. Ac-

cording to this provision, a person commits criminal usury in the second degree when he "knowingly charges, takes or receives" any money as interest on a loan at a rate exceeding 25 percent per year.

The complaint in this matter seeks foreclosure of a mortgage on real property located in Manhattan. Pursuant to the terms of the mortgage, which was intended to secure a loan in excess of $406,000, defendants were charged 10 percent annual interest until default or maturity and 2 percent per month thereafter. There is certainly no ambiguity whatever in the rate of interest specified in the mortgage. Thus, if payments were timely made, interest would be limited to 10 percent; in the event of a default, the interest rate would rise to 24 percent per year. Yet, defendants, in order to avoid the consequences of their default, have self-servingly chosen to aggregate the 10 percent and 24 percent interest figures to arrive at a total figure of a 34 percent rate of interest. In support of their contention that they were the victims of usury, they submitted a schedule which purports to show payments made long after the mortgage was executed and at a time that they were already in default. Since subsequent transactions cannot affect the validity of an instrument that is not usurious at its inception *(see, Gross v Lichtman,* 55 AD2d 670), the Supreme Court was not warranted in considering material extraneous to the mortgage itself, which was not on its face usurious. Moreover, as the court properly concluded, defendants could not rely upon General Obligations Law § 5-501 relating to the rate of interest allowable for loans inasmuch as the loan involved herein was more than $406,000, and subdivision (6) (a) of this provision states that: "No law regulating the maximum rate of interest which may be charged, taken or received, except section 190.40 and section 190.42 of the penal law, shall apply to any loan or forbearance in the amount of two hundred fifty thousand dollars or more, other than a loan or a forbearance secured primarily by an interest in real property improved by a one or two family residence."

Significantly, the defense of usury is simply not applicable to interest charged upon default or after maturity of a loan *(Klapper v Integrated Agric. Mgt. Co.,* 149 AD2d 765; *Bloom v Trepmal Constr. Corp.,* 29 AD2d 951, *affd* 23 NY2d 730). In *Bloom v Trepmal Constr. Corp. (supra),* the court expressly declared that "[t]he provision fixing interest at the rate of 2% per month after default or maturity was a valid and enforcible provision" (citing *Union Estates Co. v Adlon Constr. Co.,*

221 NY 183; *Slavin v Myles Realty Co.*, 227 NY 51). Defendants do not even urge that they had to pay a usurious rate of interest before the default, and, as heretofore mentioned, their schedule reflects that the alleged usury, compiled by means of the highly dubious procedure of adding the 24 percent chargeable after default to the 10 percent applicable prior thereto, occurred only after they were already in default. It is, accordingly, clear that the defense of usury is lacking in substance, and plaintiff is entitled to summary judgment in its favor.