■ JILL DRUMMOND, Appellant, v MICHAEL PETITO et al., Respondents. [677 NYS2d 133] —Order, Supreme Court, New York County (Edward Lehner, J.), entered August 12, 1997, treating plaintiff's motion to renew an application to vacate an order, entered on default, granting summary judgment dismissing the complaint as a motion for reargument, and denying the same, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs or disbursements, the motion granted, the default and grant of summary judgment to defendant vacated and the complaint reinstated.

Despite their knowledge that plaintiff had changed attorneys (although, concededly, a stipulation of substitution had not been filed), defendants' attorneys, in moving for summary judgment dismissing the complaint in this accountants' malpractice action, served, by mail, plaintiff's former counsel. Letters to former counsel were never received in one instance and ignored in the other. The motion was granted on default on May 19, 1997, one day before counsel received the stipulation of substitution. By letter dated May 22, 1997, defendants' attorney advised plaintiff's substituted counsel that the complaint had been dismissed and that "at no time prior to May 20, 1997 had our office been advised, in writing or otherwise, that your office had been substituted as counsel for plaintiff." This statement is contradicted by defense counsel's earlier December 10, 1996 letter to incoming counsel acknowledging that while they had been advised that he was now plaintiff's attorney, they had not been provided with a Consent to Change Attorney form. Plaintiff's May 29, 1997 motion to vacate the default premised on the aforesaid facts was denied for failure to submit an affidavit of merit. Plaintiff thereupon moved to renew, annexing an affidavit of merit with counsel's explanation that in his "myopic zeal to demonstrate that the default was excusable", he had failed to submit an affidavit of merit. The IAS Court denied the motion, rejecting, as inadequate, counsel's excuse for not submitting an affidavit of merit on the original motion and finding, in any event, that the proffered affidavit of merit failed to set forth sufficient facts to show a meritorious claim. We reverse.

Since plaintiff provided a reasonable excuse for her default and demonstrated merit to her complaint, the renewal motion should have been granted, especially where, as here, defense counsel's correspondence shows that they served plaintiff's discharged attorney, although they had been made aware of the substitution of counsel. Even though plaintiff's present counsel contributed to the mistake by not promptly having a stipulation of substitution executed and filed, the failure to notify incoming counsel, especially in light of outgoing counsel's failure to answer defense counsel's letter or the motion, was a sufficient excuse for the default. (*See, Seashells, Inc. v Bridge Art Prods.*, 172 AD2d 353; *see also, Milona & Sons v Marshall*, 159 AD2d 279; *Lovisa Constr. Co. v Facilities Dev. Corp.*, 148 AD2d 913.)

As to the merits, sufficient facts were shown, supported by a report submitted by a public accounting firm, to demonstrate that plaintiff incurred substantial tax liabilities with the Internal Revenue Service because of various failings on the part of defendants. Concur—Sullivan, J. P., Rosenberger, Rubin, Williams and Mazzarelli, JJ.