■ Isabel Nieves, Appellant, v L.G. Plumbing, Inc., et al., Defendants, and Nab Construction, Inc., Respondent. [795 NYS2d 15]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered June 14, 2004, which, upon implicitly granting renewal, adhered to its prior decision granting the motion of defendant NAB Construction, Inc. for summary judgment dismissing the complaint as against it, unanimously modified, on the law, so as to deny summary judgment and reinstate the complaint as against defendant NAB, and, as so modified, affirmed, without costs. Appeal from order, same court and Justice, entered April 12, 2004, unanimously dismissed, without costs, as subsumed in the appeal from the subsequent order.

Plaintiff asserts that in the course of her employment as a maintenance worker for Riverbay Corporation at Co-Op City in the Bronx, she was walking along a sidewalk when she stepped onto a piece of debris apparently caused by sidewalk demolition and excavation preliminary to the installation of new underground pipes. The misstep caused her to twist her ankle and fall to her knees, resulting in serious injuries requiring surgery. At her deposition, plaintiff testified that there were many chunks of broken concrete scattered on the sidewalk area, as well as places on the sidewalk where the walkway had been broken up and removed, leaving a large hole. It is established that defendant NAB was at that time performing sidewalk removal and excavation in connection with the pipe installation work. However, in seeking summary judgment, NAB asserted that prior to any sidewalk removal, it would always install an eight-foot fence around the work area, completely preventing pedestrians from gaining access to those areas.

The motion court granted NAB's motion for summary judgment, reasoning that it was undisputed that any work done by NAB was within a fenced or bounded area inaccessible to pedestrians. Upon plaintiff's motion for reargument or renewal, it adhered to its prior determination.

Initially, it was appropriate to grant renewal in order to consider plaintiff's new affidavit; in the absence of prejudice to defendant, counsel's explanation that he had incorrectly concluded that plaintiff's deposition testimony would suffice constitutes an adequate excuse for the failure to offer the affidavit in connection with the original motion (see *Drummond v Petito*, 253 AD2d 407, 407-408 [1998]).

NAB's assertion that it fenced in any areas in which it worked, completely preventing pedestrians from gaining access to those areas, was merely an assertion, not an undisputed fact. It was implicitly contradicted by plaintiff's deposition testimony that the area of sidewalk where she fell was broken up in places. Moreover, the plaintiff's renewal affidavit further elaborated that she had observed construction personnel near where she fell during the week preceding her accident, and that no cones, fences, or barricades surrounded the area where she fell. These materials raise triable issues as to the condition of the sidewalk and the surrounding area, and as to who was responsible for such condition. Accordingly, summary judgment should have been denied. Concur—Andrias, J.P., Saxe, Sullivan, Ellerin and Williams, JJ.