CHRISTIAN PETRESCU et al., Appellants, v COLLEGE RACQUET CLUB, INC., Respondent. [838 NYS2d 574]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Nastasi, J.), entered April 21, 2006, which, upon the granting of the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law at the close of evidence, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is reversed, on the law, the motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for a new trial on the issue of liability, and on the issue of damages, if necessary, with costs to abide the event.

The defendant, College Racquet Club, Inc. (hereinafter the Club), rents tennis courts for people to play on. It leases a facility from a college that is located in Westchester County (hereinafter the college). Pursuant to the lease between the Club and the college, one of the college's "duties" was to "furnish all maintenance services" at the Club.

In October 2002 the Club contacted the college and asked that all of the burned-out light bulbs over the tennis courts be changed. The plaintiff Christian Petrescu, who worked for the college as a "maintenance supervisor," and who worked on the project, used a 20-foot-high scaffold to change the bulbs.

On October 30, 2002, Petrescu was injured when he fell off a ladder that was attached to the scaffold. Petrescu and his wife commenced the instant action against the Club seeking to recover damages, inter alia, for his personal injuries.

The matter proceeded to a jury trial on the issue of the Club's liability. The evidence at trial showed that on the day of the accident, Petrescu had been working on the project with the assistance of the Club's manager, who was, among other things, holding the ladder for him when he climbed up and down. Petrescu testified that the accident occurred when the Club's manager suddenly let go of the ladder while he was descending it, which caused the ladder to sway and caused him to lose his balance and fall to the ground.

At the close of evidence, the Club moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. In support of the motion, the Club essentially argued that, based on the evidence presented, the jury could not rationally determine that the Club's manager or the Club was negligent.

The trial court indicated that it was inclined to grant the motion, but on a ground that it had raised sua sponte. Specifically, the court, which noted that the lease placed the responsibility for maintaining the Club on the college, concluded that in light of this contractual provision, the jury could not rationally determine that the Club's manager was acting within the scope of his employment at the time of the accident. After entertaining Petrescu's attorney's arguments on the issue, and rejecting them, the court granted the Club's motion. This was error.

Giving the plaintiffs every inference that could properly be drawn from the evidence presented, and viewing that evidence in the light most favorable to them (see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]), we find that the jury could have rationally determined that the Club's manager, who, under the circumstances, voluntarily assumed a duty of care toward the injured plaintiff (see Heard v City of New York, 82 NY2d 66, 72-73 [1993]; Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 522 [1980]; Moch Co. v Rensselaer Water Co., 247 NY 160, 167-168 [1928]), was negligent (see Wolf v City of New York, 39 NY2d 568, 573 [1976]).

Furthermore, although the trial court properly considered the issue when deciding the Club's motion for judgment as a matter of law (cf. Wright v Ford Motor Co., 111 AD2d 810, 811 [1985]), we find that, contrary to the court's conclusion, the jury could have rationally determined that the Club was vicariously liable for its manager's negligence under a theory of respondeat superior. Under the doctrine of respondeat superior, an employer can be held vicariously liable for the tortious acts of its employees (see N.X. v Cabrini Med. Ctr., 97 NY2d 247, 251 [2002]). The question of whether a particular act was within the scope of employment is ordinarily one for the jury because it is so heavily dependent on factual considerations (see Riviello v Waldron, 47 NY2d 297, 303 [1979]). Here, it is true, as the court noted, that the college was obligated under the lease to maintain the leased premises. However, this does not necessarily mean that the Club's manager, who testified that one of his "duties" was to "move projects along" so that more tennis courts could be used, was not acting within the scope of his employment by helping Petrescu maintain those premises. Under the circumstances, the jury could have rationally concluded that any tortious act

that the Club's manager might have committed in connection with his assistance of the plaintiff was "committed in furtherance of the employer's business and within the scope of employment" (*N.X. v Cabrini Med. Ctr., supra* at 251).

Thus, the trial court should have denied the Club's motion, and there must be a new trial on the issue of the Club's liability, to be followed by a trial on the issue of damages, if necessary (*see Kormusis v Jeffrey Gardens Apt. Corp.*, 31 AD3d 392, 392-393 [2006]). Crane, J.P., Krausman, Covello and Carni, JJ., concur.