■ Apple Bank for Savings, Appellant, v Fort Tryon Apartments Corp. et al., Defendants, and Arthur Harris, as Receiver, Respondent. [843 NYS2d 307]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered October 4, 2006, which, to the extent appealed from, denied plaintiff's motion to vacate a judgment entered on

default, unanimously reversed, on the law, with costs, the default judgment vacated, and the matter remanded and restored for disposition of this postjudgment application, on due notice to all parties, including plaintiff Apple Bank, individually, and its attorneys, for a hearing on the merits to ascertain the amount of what fees, if any, the Receiver is entitled to pursuant to CPLR 8004.

Plaintiff bank, which settled its state foreclosure action during proceedings in federal bankruptcy court involving defendant Fort Tryon Apartments Corp., was purportedly served, four years later, with an order to show cause from the foreclosure's Receiver, seeking a deficiency judgment. The Receiver served the bank's former law firm, which had dissolved, by mailing the papers to the dissolved law firm, in care of a firm that a former partner had begun, located at the same address. The judgment was granted on default.

Plaintiff moved to vacate the judgment, contending it never received notice of the order to show cause, shortly after it discovered the judgment during a "routine title search."

The default should have been vacated since plaintiff tendered a sufficient excuse for failure to answer the motion. The law firm that initially represented plaintiff dissolved, as did the subsequent one. In addition, plaintiff retained separate counsel to represent it in the bankruptcy proceedings, and that is where the foreclosure action eventually settled. Failure to receive notice due to confusion surrounding attorney representation is excusable (*see Seashells, Inc. v Bridge Art Prods.*, 172 AD2d 353 [1991]; *see also Drummond v Petito*, 253 AD2d 407 [1998]). In any event, the partner common to those law firms submitted an affidavit rebutting the Receiver's prima facie showing of service of the order to show cause (*see Adames v New York City Tr. Auth.*, 126 AD2d 462 [1987]).

Moreover, it was disingenuous to maintain that plaintiff's former attorney was still actively representing it four years later, irrespective of any failure of the two dissolved law firms to comply with CPLR 321 (b) ("Change or withdrawal of attorney").

Plaintiff also has provided a meritorious defense to the motion for a deficiency judgment, since questions remain as to what, if anything, the Receiver is owed. Concur—Nardelli, J.P., Gonzalez, Sweeny, McGuire and Kavanagh, JJ.