■ CREDIT BUREAU OF NEW YORK, INC., Appellant, v RAPID REALTY 95, INC., et al., Defendants, and FOTIUS EUGENIS, Also Known as FOTIOS EUGENIS, and Another, Respondent. [25 NYS3d 903]—

In an action to recover on two promissory notes and personal guarantees on the notes, the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), dated July 27, 2015, which granted the motion of the defendant Fotius Eugenis, also known as Fotios Eugenis, also known as Frank Eugenis, to vacate a prior order of the same court dated May 11, 2015, granting the plaintiff's unopposed motion pursuant to CPLR 3126 to strike his answer.

Ordered that the order is affirmed, with costs.

To vacate his default in opposing the plaintiff's motion pursuant to CPLR 3126 to strike his answer, which was granted in an order dated May 11, 2015, the defendant Fotius Eugenis, also known as Fotios Eugenis, also known as Frank Eugenis (hereinafter the defendant), was required to demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the plaintiff's motion (*see* CPLR 5015 [a] [1]; *Oller v Liberty Lines Tr., Inc.*, 111 AD3d 903, 904 [2013]; *Schenk v Staten Is. Univ. Hosp.*, 108 AD3d 661, 662 [2013]; *Smyth v Getty Petroleum Mktg., Inc.*, 103 AD3d 790 [2013]). The defendant demonstrated that the failure to submit written opposition to the plaintiff's motion to strike his answer was due to law office failure occasioned by the substitution of counsel (*see Evolution Impressions, Inc. v Lewandowski*, 59 AD3d 1039, 1040 [2009]; *Drummond v Petito*, 253 AD2d 407, 408 [1998]; *Seashells, Inc. v Bridge Art Prods.*, 172 AD2d 353 [1991]; *Lovisa Constr. Co. v Facilities Dev. Corp.*, 148 AD2d 913, 914 [1989]). Furthermore, the defendant demonstrated a potentially meritorious opposition to the plaintiff's motion (*see Poveromo v Kelley-Amerit Fleet Servs., Inc.*, 127 AD3d 1048 [2015]; *Palmieri v Piano Exch., Inc.*, 124 AD3d 611 [2015]; *Lomax v Rochdale Vil., Inc.*, 76 AD3d 999 [2010]; *Mawson v Historic Props., LLC*, 30 AD3d 480, 481 [2006]).

The plaintiff's remaining contention is without merit.

Accordingly, the Supreme Court providently exercised its discretion in granting the defendant's motion to vacate the prior order entered upon his default. Rivera, J.P., Austin, Sgroi and Barros, JJ., concur.