■ ERZULIE PRUDENCE, Respondent, v SHAWETTE WHITE et al., Appellants. [39 NYS3d 837]—

In an action to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Kings

County (Schmidt, J.), dated July 23, 2014, which denied their motion, in effect, pursuant to CPLR 5015 (a) (1) to vacate an order of the same court (Baynes, J.) dated June 8, 2012, granting the plaintiff's unopposed motion to strike their answer, and a clerk's judgment entered May 16, 2013, which, after an inquest at which they did not appear, was in favor of the plaintiff and against them in the principal sum of $59,889.25.

Ordered that the order dated July 23, 2014, is affirmed, with costs.

To vacate their defaults in opposing the plaintiff's motion to strike their answer and in failing to appear at the inquest, the defendants were required to demonstrate both a reasonable excuse for the defaults and potentially meritorious defenses to the motion and the action (*see Credit Bur. of N.Y., Inc. v Rapid Realty 95, Inc.*, 137 AD3d 841 [2016]; *Wimmershoff v Ahuactzin*, 123 AD3d 1021, 1022 [2014]; *Anekwe v Okoroafor*, 121 AD3d 930 [2014]; *Schenk v Staten Is. Univ. Hosp.*, 108 AD3d 661, 662 [2013]; *Jackson v Professional Transp. Corp.*, 81 AD3d 602, 603 [2011]; *Hageman v Home Depot U.S.A., Inc.*, 25 AD3d 760, 761 [2006]). Although the court has discretion to accept law office failure as a reasonable excuse, a pattern of willful default and neglect should not be excused (*see Wright v City of Poughkeepsie*, 136 AD3d 809 [2016]; *Betz v Carbone*, 126 AD3d 743, 744 [2015]; *Roussodimou v Zafiriadis*, 238 AD2d 568, 569 [1997]). Here, the failure of the defendants to appear for court-ordered depositions, to oppose the plaintiff's motion, and to appear at the inquest constituted a pattern of willful default and neglect that cannot be excused (*see Whitestone Constr. Corp. v Nova Cas. Co.*, 129 AD3d 831, 832 [2015]; *Selechnik v Law Off. of Howard R. Birnbach*, 120 AD3d 1220 [2014]; *Jackson v Professional Transp. Corp.*, 81 AD3d at 603). Furthermore, the defendants did not establish a reasonable excuse for the nine-month delay in moving to vacate the judgment (*see Wright v City of Poughkeepsie*, 136 AD3d 809 [2016]; *TD Bank, N.A. v Spector*, 114 AD3d 933, 934 [2014]). In light of the lack of a reasonable excuse, it is unnecessary to determine whether the defendants demonstrated the existence of potentially meritorious defenses to the motion and the action (*see Deutsche Bank Natl. Trust Co. v Pietranico*, 102 AD3d 724, 725 [2013]; *Wells Fargo Bank, N.A. v Cervini*, 84 AD3d 789, 790 [2011]). Accordingly, the Supreme Court providently exercised its discretion in denying the defendants' motion, in effect, pursuant to CPLR 5015 (a) (1) to vacate the order dated June 8, 2012, and the judgment entered May 16, 2013.

The defendants' remaining contentions, raised for the first time on appeal, are not properly before this Court (*see Yong U Lee v Huan Wen Zhang*, 133 AD3d 651 [2015]). Balkin, J.P., Chambers, Roman, Duffy and Barros, JJ., concur.