New York Vein Ctr., LLC v Dovlaryan (2018 NY Slip Op 04744)





New York Vein Ctr., LLC v Dovlaryan


2018 NY Slip Op 04744


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-00211
 (Index No. 5667/13)

[*1]New York Vein Center, LLC, respondent, 
v
Varuzhan Dovlaryan, etc., et al., appellants.


Zisholtz & Zisholtz, LLP, Mineola, NY (Meng Cheng of counsel), for appellants.
Gary Burgoon, Scarsdale, NY, for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, conversion, and unjust enrichment, the defendants appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated December 6, 2016. The order, insofar as appealed from, denied the defendants' motion pursuant to CPLR 5015(a)(1) to vacate a judgment of the same court dated June 16, 2016, which, upon a prior order of the same court (Martin Schneier, J.H.O.) dated August 12, 2014, holding the defendants in default for their failure to appear at a compliance conference, upon a prior order of the same court (Martin Schneier, J.H.O.) dated May 5, 2015, granting the plaintiff's unopposed motion to strike the defendants' answer, and an inquest on the issue of damages, is in favor of the plaintiff and against the defendants in the principal sum of $207,337.86.
ORDERED that the order dated December 6, 2016, is affirmed insofar as appealed from, with costs.
On March 28, 2013, the plaintiff commenced this action against the defendants to recover damages for breach of contract, conversion, and unjust enrichment. By preliminary conference order dated January 6, 2014, which was signed by the defendants' counsel, the Supreme Court directed the parties to attend a compliance conference on August 12, 2014, and warned that the failure of counsel to attend may result in the imposition of sanctions. When the defendants failed to appear at the August 12, 2014, compliance conference, the court issued an order dated August 12, 2014, holding the defendants in default, and in an order dated May 5, 2015, the court granted the plaintiff's unopposed motion pursuant to CPLR 3126(3) to strike the defendants' answer. On March 7, 2016, the defendants' former counsel served the defendants with a motion to withdraw as counsel. By order dated March 16, 2016, the court granted the motion of the defendants' former counsel to [*2]withdraw and directed the parties to appear for an inquest on April 18, 2016. The March 16, 2016, order was served upon the defendants.
After an inquest on the issue of damages held on April 18, 2016, at which the defendants failed to appear, the Supreme Court issued a judgment dated June 16, 2016, in favor of the plaintiff and against the defendants in the principal sum of $207,337.86. The judgment was mailed to the business address of the defendant Varuzhan Dovlaryan on June 29, 2016. On September 16, 2016, the defendants were served with subpoenas duces tecum. By order to show cause dated November 15, 2016, the defendants moved, inter alia, to vacate the default judgment. By order dated December 6, 2016, the court, inter alia, denied the defendants' motion. The defendants appeal.
In seeking to vacate their defaults in appearing at a compliance conference and in opposing the plaintiff's motion to strike their answer, the defendants were required to demonstrate both a reasonable excuse for their defaults and a potentially meritorious defense (see CPLR 5015[a][1]; 22 NYCRR 202.27[a]; 555 Prospect Assoc., LLC v Greenwich Design & Dev. Group Corp., 154 AD3d 909; Prudence v White, 144 AD3d 655, 656). The defendants failed to establish a reasonable excuse for their failure to (1) appear at the compliance conference, (2) oppose the plaintiff's motion to strike their answer, (3) respond to their former attorney's motion to withdraw as counsel, and (4) appear at the inquest on the issue of damages. Moreover, the record shows that the defendants took no steps to ascertain the status of this case for a period of more than two years. Furthermore, where, as here, there is a pattern of default and neglect, the negligence of the defendants' former attorney is properly imputed to the client (see Carillon Nursing & Rehabilitation Ctr., LLP v Fox, 118 AD3d 933, 934; Santiago v Santana, 54 AD3d 929, 930; Dave Sandel, Inc. v Specialized Indus. Servs. Corp., 35 AD3d 790, 791; Edwards v Feliz, 28 AD3d 512, 513; MRI Enters. v Amanat, 263 AD2d 530, 531). Since the defendants failed to demonstrate a reasonable excuse for their defaults, we need not reach the issue of whether they demonstrated the existence of a potentially meritorious defense to the action or the plaintiff's motion to strike their answer (see Bernstein v Geiss, 111 AD3d 774, 775).
Accordingly, the defendants' motion to vacate the judgment, entered upon their defaults, inter alia, in appearing at a compliance conference and in opposing the plaintiff's motion to strike their answer, was properly denied.
AUSTIN, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court