Singh v Sukhu (2020 NY Slip Op 01105)





Singh v Sukhu


2020 NY Slip Op 01105


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-03121
 (Index No. 23947/12)

[*1]Nazela Singh, respondent, 
v
Mohabir Sukhu, et al., defendants, DNJC Contracting, Inc., et al., appellants.


Montfort, Healy, McGuire & Salley, Garden City, NY (Donald S. Neumann, Jr., of counsel), for appellants.
Goidel & Siegel, LLP, New York, NY (Jonathan M. Goidel and Farimah S. Ghaffari of counsel), for respondent.
Picciano & Scahill, P.C., Bethpage, NY (Francis J. Scahill and Andrea E. Ferrucci of counsel), for defendants Mohabir Sukhu and Dimple Sukhu.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants DNJC Contracting, Inc., and DNJC, Inc., appeal from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered February 10, 2017. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 5015(a) to vacate an order of the same court entered September 20, 2016, granting the motion of the defendants DNJC Contracting, Inc., and DNJC, Inc., for summary judgment dismissing the complaint insofar as asserted against them, and upon vacatur, granted that branch of the plaintiff's motion which was for leave to reargue the prior motion for summary judgment and, upon reargument, denied that branch of the prior motion which was for summary judgment dismissing so much of the complaint insofar as asserted against the defendants DNJC Contracting, Inc., and DNJC, Inc., as was based upon the theory of respondeat superior.
ORDERED that the order is affirmed insofar as appealed from, with costs to the plaintiff payable by the defendants DNJC Contracting, Inc., and DNJC, Inc.
On November 4, 2012, in the vicinity of 135th Street at or near its intersection with Liberty Avenue in Queens, the plaintiff, while standing on the sidewalk, was seriously injured when she was struck by a vehicle owned by the defendant Dany Cange and operated by the defendant Oduber Lopez, which collided with a vehicle owned by the defendant Dimple Sukhu and operated by the defendant Mohabir Sukhu (hereinafter together the Sukhu defendants).
In December 2012, the plaintiff commenced this action against Cange, Lopez, and the Sukhu defendants. In May 2014, the plaintiff amended her complaint to add DNJC Contracting, Inc., and DNJC, Inc., as defendants (hereinafter together the DNJC defendants). The complaint alleged, inter alia, that Cange was a principal of the DNJC defendants, that Lopez was employed by the DNJC defendants, and that at the time of the accident, Lopez was operating the vehicle with the permission and consent of Cange and within the scope and in furtherance of his employment with the DNJC defendants.
By notice of motion dated June 24, 2016, after discovery, the DNJC defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The return date of the motion was adjourned to September 2, 2016. The Central Motion Part of the Supreme Court set a briefing schedule requiring that the plaintiff's opposition papers be served by August 19, 2016. The plaintiff, unaware of the briefing schedule, served her opposition papers seven business days before the September 2, 2016, return date in accordance with CPLR 2214(b). On the return date, the plaintiff's opposition was rejected as untimely. In an order entered September 20, 2016, the Supreme Court granted the DNJC defendants' motion for summary judgment, noting that the plaintiff did not oppose the motion, and that the Sukhu defendants' opposition was insufficient to raise a triable issue of fact to defeat the DNJC defendants' prima facie showing of their entitlement to judgment as a matter of law.
Shortly thereafter, the plaintiff moved to vacate her default in opposing DNJC's motion based on excusable default and for leave to renew and reargue the DNJC defendants' motion inclusive of her opposition papers. The DNJC defendants opposed the motion. In the order appealed from, the Supreme Court granted those branches of the plaintiff's motion which were to vacate the September 20, 2016, order and for leave to reargue the motion for summary judgment, inclusive of the plaintiff's opposition papers. Upon reargument, the court, as relevant to this appeal, denied that branch of the DNJC defendants' motion which was for summary judgment dismissing so much of the complaint as sought recovery on the theory of vicarious liability insofar as asserted against them. The DNJC defendants appeal.
A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Credit Bur. of N.Y., Inc. v Rapid Realty 95, Inc., 137 AD3d 841, 841; J & J Alarcon Realty Corp. v Plantains Rest., Inc., 123 AD3d 886, 887; Bhuiyan v New York City Health & Hosps. Corp., 120 AD3d 1284, 1284; Schenk v Staten Is. Univ. Hosp., 108 AD3d 661, 662). "The determination of what constitutes a reasonable excuse lies within the trial court's discretion" (Stewart v Berger, 137 AD3d 1103, 1105 [internal quotation marks omitted]). Law office failure may qualify as a reasonable excuse for a party's default if the claim of such failure is supported by a detailed and credible explanation of the default (see Strunk v Revenge Cab Corp., 98 AD3d 1029, 1030.
Here, the plaintiff demonstrated a reasonable excuse for her default. The affirmation of her attorney explained that the plaintiff's default was reasonable and inadvertent due to the fact that the attorney's "calender service" never communicated the briefing schedule to counsel's office and that counsel first learned of the August 19, 2016, date when it attempted to file the opposition papers only six days later (see Bank of N.Y. Mellon v Faragalla, 174 AD3d 677). The plaintiff also demonstrated a potentially meritorious defense to the DNJC defendants' motion based upon the argument that the DNJC defendants were vicariously liable for Lopez's negligence (see Galasso, Langione & Botter, LLP v Galasso, 176 AD3d 1176). Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was to vacate the prior order entered upon her default (see Advanced Remodeling of Long Is., Inc. v Monahan, 175 AD3d 1361; Credit Bur. of N.Y., Inc. v Rapid Realty 95, Inc., 137 AD3d at 841; Rocco v Family Foot Ctr., 94 AD3d 1077, 1079; Simpson v Tommy Hilfiger U.S.A., Inc., 48 AD3d 389, 392).
We agree with the Supreme Court's determination, upon vacatur and reargument, denying that branch of the DNJC defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them on the grounds that Lopez was an independent contractor and was not acting in furtherance of the DNJC defendants' business at the time of the accident. "The doctrine of respondeat superior renders an employer vicariously liable for torts committed by an employee acting in furtherance of the employer's business and within the scope of his or her employment" (Brandford v Singh, 136 AD3d 726, 727; see Riviello v Waldron, 47 NY2d 297, 302; Selmani v City of New York, 116 AD3d 943, 944); Fenster v Ellis, 71 AD3d 1079, 1079). However, "[t]he general rule is that an employer who hires an independent contractor is not liable for the independent contractor's negligent acts" (Weinfeld v HR Photography, Inc., 149 AD3d 1014, 1014 [internal quotation marks omitted]; see Gadson v City of New York, 156 AD3d 685, 686; Chichester v Wallace, 150 AD3d 1073, 1074). Issues regarding whether an actor is an independent contractor or an employee for the purposes of tort liability and whether an actor's conduct was within [*2]the scope of his employment are usually questions of fact for the jury (see Carrion v Orbit Messenger, 82 NY2d 742, 744; Riviello v Waldron, 47 NY2d 297, 303; Chichester v Wallace, 150 AD3d at 1074; Langner v Primary Home Care Servs., Inc., 83 AD3d 1007, 1009; Petrescu v College Racquet Club, Inc., 40 AD3d 947, 949).
Here, the DNJC defendants contended that Lopez was an independent contractor and not acting in furtherance of their business on the date of the accident. However, the evidence in the record was insufficient to determine as a matter of law whether Lopez was an employee of the DNJC defendants or an independent contractor (see Chichester v Wallace, 150 AD3d at 1074; Sanabria v Aguero-Borges, 117 AD3d 1024, 1026; Hernandez v Chefs Diet Delivery, LLC, 81 AD3d 596, 599; Araneo v Town Bd. for Town of Clarkstown, 55 AD3d 516, 519). Moreover, the conflicting deposition testimony of Cange and Lopez raised triable issues of fact as to whether, at the time of the accident, Lopez was engaged in the DNJC defendants' business, or whether his activity could reasonably be said to be necessary or incidental to his employment (see Brandford v Singh, 136 AD3d at 728-729; Fenster v Ellis, 71 AD3d at 1080-1081).
DILLON, J.P., BALKIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court