Maruf v E.B. Mgt. Props., LLC (2020 NY Slip Op 01610)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Maruf v E.B. Mgt. Props., LLC

2020 NY Slip Op 01610

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2019-03183
(Index No. 13939/14)

[*1]Sultan Al Maruf, respondent,
vE.B. Management Properties, LLC, appellant.

Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Matthew P. Cueter and Nicholas Hurzeler of counsel), for appellant.
Subin Associates, LLP (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Bruce M. Balter, J.), entered January 31, 2019. The order granted the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court (Janice A. Taylor, J.) dated August 11, 2017, granting the defendant's unopposed motion pursuant to CPLR 3126 to strike the complaint.
ORDERED that the order entered January 31, 2019, is reversed, on the law, with costs, and the plaintiff's motion to vacate the order dated August 11, 2017, is denied.
On September 19, 2014, the plaintiff commenced this action against the defendant to recover damages for personal injuries. Discovery proceeded, and the plaintiff appeared for his deposition on September 15, 2015. The following day, the defendant served the plaintiff with postdeposition discovery demands. Thereafter, in stipulations dated January 4, 2016, April 19, 2016, July 20, 2016, and October 6, 2016, the plaintiff agreed to respond to the postdeposition demands and to appear for an independent medical examination by a designated physician. In a stipulation dated January 10, 2017, the parties agreed that the foregoing discovery remained outstanding. They further agreed that a previously imposed stay on motion practice was lifted.
The defendant then moved pursuant to CPLR 3126 to strike the complaint based upon the plaintiff's failure to comply with discovery. The plaintiff did not oppose the motion, and, in an order dated August 11, 2017, the Supreme Court granted the defendant's motion. By notice of motion dated May 24, 2018, the plaintiff moved pursuant to CPLR 5015(a)(1) to vacate the August 11, 2017, order. In an order entered January 31, 2019, the court granted the plaintiff's motion without explanation. The defendant appeals.
A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious [*2]opposition to the motion (see CPLR 5015[a][1]; Seaman v New York Univ., 175 AD3d 1578, 1579). Law office failure may qualify as a reasonable excuse for a party's default if the claim of such failure is supported by a credible explanation of the default (see Singh v Sukhu, ___ AD3d ___, 2020 NY Slip Op 01105 [2d Dept 2020]). Nevertheless, " [w]hile CPLR 2005 allows courts to excuse a default due to law office failure, it was not the Legislature's intent to routinely excuse such defaults, and mere neglect will not be accepted as a reasonable excuse'" (Ortega v Bisogno & Meyerson, 38 AD3d 510, 511, quoting Incorporated Vil. of Hempstead v Jablonsky, 283 AD2d 553, 553-554; see Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 774; Seaman v New York Univ., 175 AD3d at 1579).
Here, the plaintiff's counsel asserted that they failed to oppose the defendant's motion because they had the action marked in their calendaring system as "stayed." However, the plaintiff's counsel made no effort to explain if or why the action remained marked as stayed after having entered into the January 10, 2017, stipulation lifting the stay on motion practice. Further, the plaintiff's counsel appeared on the return date of the motion to strike the complaint, despite allegedly believing that motion practice was stayed, and the matter was adjourned so as to allow the plaintiff additional time to oppose the motion. Notwithstanding the adjournment, the plaintiff failed to file opposition papers. The plaintiff also did not offer any excuse for the nine-month delay in moving to vacate the default (see Nanas v Govas, 176 AD3d 956, 957). Under these circumstances, the plaintiff failed to offer a reasonable excuse for his default.
In any event, the plaintiff failed to demonstrate a potentially meritorious defense to the motion to strike the complaint. Before a court invokes the drastic remedy of striking a pleading, there must be a clear showing that the failure to comply with discovery was willful and contumacious (see Harris v City of New York, 117 AD3d 790; Almonte v Pichardo, 105 AD3d 687, 688). Willful and contumacious conduct may be inferred from a party's repeated failure to comply with discovery, coupled with inadequate explanations for those failures, or a failure to comply with discovery over an extended period of time (see Teitelbaum v Maimonides Med. Ctr., 144 AD3d 1013; Orgel v Stewart Tit. Ins. Co., 91 AD3d 922, 923). Here, on his motion to vacate, the plaintiff did not provide an explanation for his failure to comply with discovery over the course of one year, despite four stipulations requiring the disclosure (see Orgel v Stewart Tit. Ins. Co., 91 AD3d at 924).
Accordingly, the plaintiff's motion to vacate his default in opposing the defendant's motion to strike the complaint should have been denied.
DILLON, J.P., BALKIN, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court