Greenberg v Rosenberg (2020 NY Slip Op 51014(U))

[*1]

Greenberg v Rosenberg

2020 NY Slip Op 51014(U) [68 Misc 3d 133(A)]

Decided on August 27, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 27, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2019-549 S C

Alan Greenberg, Appellant,
against
Michael J. Rosenberg, Respondent. 

Corozzo & Greenberg, P.C. (Alan H. Greenberg of counsel), for appellant.
Russo & Toner, LLP (Alexandera L. Alvarez and Joseph Fegan of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, Third District (C. Stephen
Hackeling, J.), dated March 7, 2019. The order granted defendant's motion to vacate so much of
an order of that court (Janine A. Barbera-Dalli, J.) dated July 12, 2018 as granted the branch of
plaintiff's prior unopposed motion seeking to strike defendant's answer.

ORDERED that the order dated March 7, 2019 is reversed, without costs, and defendant's
motion to vacate so much of the July 12, 2018 order as granted the branch of plaintiff's prior
unopposed motion seeking to strike the answer is denied.
In this action to recover the sum of $11,600 for damage to property, plaintiff moved to strike
defendant's answer and preclude him from offering any evidence at trial based on defendant's
alleged failure to comply with discovery demands. Defendant failed to appear or submit
opposition papers on the motion's return date, and, in an order dated May 3, 2018, the District
Court (Janine A. Barbera-Dalli, J.) granted plaintiff's motion to the extent of directing defendant
to provide specified discovery responses within 30 days and stated that failure to comply
therewith would result in plaintiff's motion being granted in all respects. On June 20, 2018,
plaintiff moved for the same relief, and defendant again failed to appear or oppose the motion.
By order entered July 12, 2018, the District Court (Janine A. Barbera-Dalli, J.) granted plaintiff's
second motion to strike defendant's answer and to preclude him from offering any evidence at
trial.
Defendant moved, seven months later, to vacate so much of the July 12, 2018 order as
granted the branch of plaintiff's motion seeking to strike defendant's answer for failure to provide
discovery responses. Defense counsel argued that since he had "thoroughly complied" with
plaintiff's discovery demands by serving an unverified bill of particulars, and an unverified
supplemental bill of particulars, he had been "under the impression" that plaintiff would
withdraw his motion as moot. By order entered March 7, 2019, the District Court (C. Stephen
[*2]Hackeling, J.) granted defendant's motion.
A defendant seeking to vacate an order entered on default must demonstrate both a
reasonable excuse for the default and a meritorious defense (see CPLR 5015 [a] [1];
Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). Further,
where a delay or default results from law office failure, as is claimed here, a court may exercise
its discretion to excuse that delay or default (see CPLR 2005; JP Morgan Chase Bank,
N.A. v Russo, 121 AD3d 1048, 1049 [2014]; Remote Meter Tech. of NY, Inc. v Aris
Realty Corp., 83 AD3d 1030, 1032 [2011]). However, a claim of law office failure should be
"supported by a detailed and credible explanation of the default" (Scholem v Acadia Realty
L.P., 144 AD3d 1012, 1013 [2016]).
Here, defense counsel failed to oppose two motions, failed to appear on two return dates for
those motions, and ignored the District Court's May 3, 2018 conditional order. While "[t]he
determination as to what constitutes a reasonable excuse lies within the sound discretion of the
trial court, and will not be disturbed if the record supports such determination" (Green Apple
Mgt. Corp. v Aronis, 55 AD3d 669, 669 [2008]), under the circumstances presented, we find
that the inactions by defense counsel demonstrate a pattern of willful default and neglect.
Consequently, defense counsel's claim of law office failure as a reasonable excuse for the default
lacks merit (see Prudence v White, 144 AD3d 655 [2016] [an inexcusable pattern of
willful default and neglect was evinced by the failure of the defendants to appear for
court-ordered depositions, to oppose the plaintiff's motion, and to appear at an inquest]). We note
that defense counsel also failed to explain the seven-month delay in seeking to vacate the default
(see Deutsche Bank Natl. Trust Co. v Gutierrez, 102 AD3d 825 [2013]). Thus, the
District Court improvidently exercised its discretion in determining that defendant had provided
a reasonable excuse for the default (see Shy v Shavin Corp., 174 AD3d 936 [2019]). 
In view of the foregoing determination, it is unnecessary to address the issue of whether
defendant demonstrated the existence of a potentially meritorious defense (see Levi v
Levi, 46 AD3d 519 [2007]).
Accordingly, the order entered March 7, 2019 is reversed and defendant's motion to vacate so
much of the July 12, 2018 order as granted the branch of plaintiff's unopposed motion seeking to
strike the answer is denied.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 27, 2020